TORRES, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas, denegatoria de la inscripción de un contrato de compraventa de finca rústica.

No. 430.—Resuelto en noviembre 17, 1919.

COMPRAVENTA—PRECIO APLAZADO—EXTENSIÓN DEL DERECHO CUYA INSCRIPCIÓN SE SOLICITA.—En el presente caso trátase de una escritura de compraventa de una finca por precio aplazado, otorgada en abril 19 de 1860, en la cual se hace constar que la venta se lleva a cabo ''conservando el vendedor hasta el total solvento de su valor el dominio directo de la finca vendida y debiendo el comprador, que desde luego queda hecho cargo de ella, permitir a Leopoldo Pérez permanecer allí hasta fin de mayo siguiente.'' Entablado recurso gubernativo contra nota del registrador, denegatoria de la inscripción porque a su juicio no se expresa de modo terminante la extensión del derecho cuya inscripción se solicita, *se resolvió:* que la cláusula transcrita por la cual se reserva el vendedor el dominio de la finca vendida hasta la total solución del precio es eficaz en derecho y no vicia de nulidad el contrato, por más que en su caso podría dar lugar a la rescisión del mismo; y que la cláusula de quedar hecho cargo de la finca el comprador muestra la entrega de la misma por el vendedor, cumpliéndose así una obligación consecuencia del contrato.

ESTADO CIVIL DE LOS CONTRATANTES—ESCRITURA PÚBLICA—DEFECTO SUBSANABLE.—Constituye un defecto subsanable el no expresarse en la escritura el estado civil del comprador.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

El registrador recurrido, Sr. Pedro Gómez Lasserre, no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública otorgada en el pueblo de Barranquitas a 19 de abril de 1860, Tomás Escalera vendió a Gregorio Torres una finca de 88 cuerdas y ¼, situada en el barrio de Cañabón de dicho pueblo, bajo los lindes que se describen en la escritura, habiéndose verificado la venta por precio de 900 pesos, de los que el comprador pagaría 160

dentro del término de quince días en ganado, y el resto a razón de 160 pesos cada año, a contar desde la fecha del contrato, con excepción del último plazo que sólo alcanzaba a 100 pesos, "conservando el vendedor hasta el total solvento de su valor el dominio directo de la finca vendida y debiendo el comprador, que desde luego quede hecho cargo de ella, permitir a Leopoldo Pérez permanecer allí hasta fin de mayo siguiente."

Presentada dicha escritura al Registrador de la Propiedad de Caguas para su inscripción, el registrador la denegó, según nota de 21 de julio de 1919, por la razón de que en el documento "no se expresa de un modo terminante, que no dé lugar a duda, la extensión del derecho cuya inscripción se solicita, toda vez que el vendedor se reserva el dominio directo de la finca vendida, quedando *hecho cargo* de la misma el comprador, sin que se exprese cuál es el derecho que al parecer se le transmite", habiéndose tomado anotación preventiva durante el término de ciento veinte días a favor de Gregorio Torres, con el defecto subsanable de no haberse acreditado el estado civil del comprador.

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto.

La escritura de que se trata contiene todos los elementos de un contrato de compraventa con cláusula de reservarse el comprador el dominio de la finca vendida hasta la total solución de su precio, cláusula eficaz en derecho que no vicia de nulidad el contrato por más que en su caso podría dar lugar a la rescisión del mismo. La otra cláusula, de quedar hecho cargo de la finca el comprador, muestra la entrega de la misma por el vendedor, cumpliendo así una obligación, consecuencia del contrato.

No adoleciendo el documento de vicio alguno sustancial que lo invalide, es de aplicación el párrafo 3º. del artículo 20 de la Ley Hipotecaria, preceptivo de que podrán inscribirse sin el requisito de la inscripción previa del derecho de la persona que otorgue o en cuyo nombre se haga la trans-

misión o gravamen, los títulos otorgados por personas que hubiesen adquirido el derecho sobre los mismos bienes con anterioridad al día en que empezó a regir la Ley Hipotecaria, siempre que justifiquen su adquisición con documentos fehacientes y no estuviere inscrito el mismo derecho a favor de otra persona, pero expresándose en el asiento solicitado las circunstancias esenciales de tal adquisición, que se tomarán de los documentos necesarios al efecto.

En cuanto al defecto subsanable de no expresarse en la escritura el estado civil del comprador, existe y puede subsanarse fácilmente.

Por las razones expuestas es de revocarse la nota recurrida, y verificarse la inscripción denegada aunque con el defecto subsanable apuntado en dicha nota.

> *Revocada la nota y ordenada la inscripción con el defecto subsanable apuntado.*

Jueces concurrentes: Sres. Asociados del Toro y Aldrey.

Los Jueces Asociados Sres. Wolf y Hutchison no intervinieron en la resolución de este caso.